# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL EUGENE HODGE,** | : | **No. 3: 06cv1622** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **JOHN ASCROFT,** | : | |
| **ALBERTO GONZALES,** | : | |
| **HAL McDONOUGH,** | : | |
| **HARLEY LAPPIN,** | : | |
| **KAREN F. HOGSTEN,** | : | |
| **SCOTT DODRILL,** | : | |
| **HARRELL WATTS,** | : | |
| **DANIAL E. JESUS,** | : | |
| **ERIC WILSON,** | : | |
| **J. BRADY,** | : | |
| **A. OKUNDAY,** | : | |
| **KEVIN PIGOS,** | : | |
| **RONALD LAINO, and** | : | |
| **MS. INCH,** | : | |
| **Defendants** | : | |
| | : | |

## MEMORANDUM

Before the court are plaintiff's objections to Magistrate Judge Thomas M.

Blewitt's Report and Recommendation (hereinafter "R & R") (Doc. 54) proposing that

we dismiss the's Second Amended Complaint against Defendants Ashcroft,

Gonzales, McDonough, Lappin, Jesus, Conrad, Webster, Wilson, Inch, Hogsten,

Dodrill and Watts; that plaintiff's <u>Bivens</u> action proceed with respect to defendants

Vermiere, Okunday, Brady, Laino and Pigos and that his Federal Tort Claims Act (hereinafter "FTCA") action proceed against the United States; and that the Plaintiff's Motion to Serve Defendants (Doc. 53) should be denied as moot if we accept his R&R.  Having been fully briefed, this matter is ripe for disposition.

## I. Background

The plaintiff, Michael Hodge, an inmate at the Federal Correctional Institution at Allenwood, Pennsylvania (hereinafter "FCI-Allenwood"), filed, *pro se*, this joint Bivens[1] and FTCA, 28 U.S.C. §§ 1346 and 2680 action, on August 18, 2006.[2] Initially, the plaintiff claimed that the United States Marshals Service (hereinafter "USMS") failed to ensure that he would receive comprehensive medical care while he was in its custody prior to his federal trial for weapons charges.  (Plaintiff's Second Amended Complaint (Doc. 51) at 6).  Plaintiff averred that the USMS failed to screen and treat him for blood-borne infectious diseases. (Id.).  Plaintiff claimed that after his trial and conviction the Bureau of Prisons, (hereinafter "BOP") failed to give him a proper medical evaluation.  (Id.).  He alleged that the medical tests preformed on him showed he had abnormal blood properties, but that the BOP failed to inform him of the tests' results.  (Id. at 7).  Plaintiff claimed the BOP failed properly to treat him after he was diagnosed with Hepatitis-C, stage IV cirrhosis and

---

[1]Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388 (1971).  Plaintiff filed the compliant pursuant to 28 U.S.C. § 1331.

[2]This background is taken from the plaintiff's Second Amended Complaint.  We make no determination of the veracity of these assertions.

"spleenmagaly" [sic].  (Id. at 8)  Plaintiff also asserted that the BOP failed to timely

treat and properly monitor him for complications involving his medical condition.  (Id.

at p. 10).

The plaintiff filed a motion to proceed *in forma pauperis*, a Motion for

Appointment of Counsel, a Motion for an Evidentiary Hearing, and a Motion to

Consolidate his Bivens and FCTA action.  (Docs. 3, 4, 5, 8, 9, 12).[3]

On October 5 ,2006, Magistrate Judge Blewitt issued an R&R (Doc. 18) in

which we preliminarily screened Plaintiff's original Complaint under the Prison

Litigation Reform Act (hereinafter "PLRA").  On November 17, 2006, the plaintiff filed

an Amended Complaint (Doc. 22).  This court had not yet reviewed Magistrate Judge

Blewitt's R&R.  On November 29, 2006, we issued a Memorandum and Order (Doc.

25) adopting Magistrate Judge Blewitt's R&R of October 5, 2006.

Our November 29, 2006 order directed the plaintiff to file an amended

complaint in compliance with Magistrate Judge Blewitt's earlier R&R (Doc. 18).  We

noted that the Plaintiff's November 17, 2007 Amended Complaint may not have

addressed the deficiencies identified by Magistrate Judge Blewitt with respect to

both his Bivens claim and tort claim contained in his original pleading.

Magistrate Judge Blewitt reviewed the Amended Complaint and found that it

_____

[3]The *in forma pauperis* request, Motion to Consolidate, and the plaintiff's Motion for
appointment of Counsel were denied.  On February 20, 2007, plaintiff filed a Notice
indicating that the Third Circuit has decided to entertain plaintiff's Appeal and Mandamus
Motion with respect to the Court's denial of his Motion fo Counsel.  (Doc. 52).

did not comply with his R&R.[4]  On December 26, 2006, Magistrate Judge Blewitt

ordered the plaintiff to file a Second Amended Compliant that complied with the

terms of the R & R within twenty (20) days.  (See Doc. 29).

On February 20, 2007, plaintiff filed his Second Amended Complaint.  (Doc.

51).  Plaintiff again claims that defendants failed to provide him with proper medical

care for his stated serious medical conditions, both before and after his federal

convictions.  The plaintiff states that the  defendants violated his constitutional rights

by failing to provide him with proper and required medical care for his serious

Hepatitis-C condition.  Plaintiff contended that these findings constituted a violation

of his Eighth Amendment right to be free from cruel and unusual punishment. (See

Doc. 51).

The plaintiff alleges that he was in pretrial USMS custody from April 2000 to

April 2003.  He was transferred to several holding facilities while in that custody.

Plaintiff contends that he made many claims to medical personnel during this time.

He complained of problems related to his medical condition such as delirium,

abdominal pain and fatigue.  He was not given any diagnostic test to evaluate his

symptoms.  On May 7, 2003, the USMS remanded custody of the plaintiff to the

---

[4]In his Amended Complaint (Doc. 22), plaintiff again incorrectly states that the action
is filed in part pursuant to § 1983.  As Magistrate Judge Blewitt previously noted, plaintiff's
constitutional claims were filed under Bivens, 28 U.S.C. § 1331, since he is a federal
inmate.  The plaintiff also continued to name as defendants in his Amended Complaint the
Untied States Marhsall's Service, the Federal Bureau of Prisons and the Department of
Justice.  These parties are not proper parties with respect to his claims, as was specified in
Magistrate Judge Blewitt's October 5, 2006, R&R.

BOP.

Plaintiff alleges he filed grievances with the BOP regarding his claims of improper medical care and denial of treatment and medication for serious conditions. (Id., at p. 3).   Plaintiff contends that as a result of this improper medical care, his conditions grew worse and he has been made to suffer undue complications and pain.  (Id.).  This lack of proper medical treatment, plaintiff claims, rendered him disabled and negatively impacted his chance of recovery and treatment.  Those failings, he asserts, have shortened his life expectancy.  (Id.).  Plaintiff also contends that he has attempted to exhaust his administrative remedies.  (Doc. 51, p.3).

Plaintiff summarizes his claim in his Second Amended Complaint as follows:

> The continued acts have denied/dalayed [sic] the Plaintiff (plf) comprehensive medical care for screening of infections desiese [sic] diagnosis of Hepititis [sic] -C- (hep-c), stage IV liver cirrhosis and the continued treatment of cirrhosis that included participation in medicinal clinical trials, participation in organ transplantation programs, a medical nutritional diet and classification to a prison that is closer to the plf's home to support better family ties for psycological [sic] well being.

(Id. at 1).  Plaintiff seeks compensatory and punitive damages as well as injunctive relief.  (Id. 14).

On March 8, 2007, Magistrate Judge Blewitt issued a decision recommending that the plaintiff's Second Amended Complaint be dismissed as to Defendants Ashcroft, Gonzales, McDonough, Lappin, Jesus, Conrad, Webster, Wilson, Inch, Hogsten, Dodrill and Watts.  (Doc. 54 at 16).  Magistrate Judge Blewitt further recommended that the plaintiff's Bivens action proceed with respect to defendants

Vermiere, Okunday, Brady, Laino and Pigos and that his FTCA action proceed

against the United States.  Magistrate Judge Blewitt also recommends that plaintiff's

Motion to Serve Defendants (Doc. 53) should be denied as moot if we adopt his

opinion.  Upon remand Magistrate Judge Blewitt will direct the USMS to serve any

remaining Defendants to the Plaintiff's Second Amended Complaint.

On March 26, 2007 the Defendant filed his Objections to Magistrate Judge

Blewitt's R&R, bringing the case to its present posture.

## II. Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts

shall have original jurisdiction of all civil actions arising under the Constitution, laws,

or treaties of the United States.") and 28 U.S.C. § 1346(b)(1) ("The district courts. . .

shall have exclusive jurisdiction of civil actions on claims against the United States,

for money damages, accruing on and after January 1, 1945, for injury or loss of

property, or personal injury or death caused by the negligent or wrongful act or

omission of any employee of the Government while acting within the scope of his

office or employment, under circumstances where the United States, if a private

person, would be liable to the claimant in accordance with the law of the place where

the act or omission occurred.").

The plaintiff in this action resides at the FCI-Allenwood, Pennsylvania, which is

located in the Middle District of Pennsylvania.  The United States is a party to this

action, and the action concerns the Eighth Amendment of the United States

6

Constitution.

## III. Standard

When dealing with objections to a Magistrate Judge's report and recommendation, a district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(c). <u>See also</u>, <u>Henderson v. Carlson</u>, 812 F.2d 874, 877 (3d Cir. 1987). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(c). The court may also receive further evidence or recommit the matter to the magistrate judge with instructions. <u>Id.</u>

## IV. Discussion

Plaintiff has raised four objections to Magistrate Blewitt's R&R. We will discuss each in full.

## A. Venue

Plaintiff objects to Magistrate Judge Blewitt's recommendation that a number of parties listed in the primary complaint be dismissed from this action because the Middle District of Pennsylvania is not be the appropriate venue.[5] The plaintiff argues that these parties are part of the Federal Bureau of Prisons ("FBP") and since the FBP enjoys a national stage of venue, then the district in which the plaintiff resides

---

[5]Magistrate Judge Blewitt specifically recommends that claims made by the Plaintiff dealing with USP-Lee, Virginia; Terre Haute, Indiana; Nashville, Tennessee and all defendants named in those claims be dismissed.

7

should be the proper venue.  He further avers that any dismissal of parties would prejudice his cause of action.

Title 28 Section 1402(b) of the United States Code describes venue. According to that statute, "[a]ny civil action on a tort claim against the United States under [28 U.S.C. § 1346(b)]  of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." Venue is appropriate pursuant to 1391(e)(2)[6] for the individual defendants who reside in Pennsylvania and were involved with the plaintiff's care while he was in the Middle District of Pennsylvania.[7]  Magistrate Judge Blewitt found that some of plaintiff's claims against certain individuals who do not reside in the Middle District of Pennsylvania stem from activities that occurred outside of the district and thus should be dismissed.

---

[6]28 U.S.C. § 1391(e) reads:

A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

[7]These individuals include Defendants Brady, Okunday, Pigos, Laino, Inch and Vermiere.

In <u>Stafford v. Briggs</u>, 444 U.S. 527 (1980), the Supreme Court discussed the

applicability of section 1391(e).  The Supreme Court analyzed § 1391(e)'s legislative

history and found that:

> [w]hat emerges is that the bill's author, the Committees, and the Congress intended nothing more than to provide nationwide venue for the convenience of individual plaintiffs in actions which are nominally against an individual officer but are in reality against the Government. A suit for money damages which must be paid out of the pocket of the private individual who happens to be – or formerly was – employed by the Federal Government plainly is not one 'essentially against the United States,' and thus is not encompassed by the venue provisions of § 1391(e).

<u>Id.</u> at 542.  <u>See</u> <u>Miklaus v. Carlson</u>, 632 F.2d 227, 240-41 (3d Cir. 1980) (section

1391(e) does "not apply to actions for money damages brought against federal

officials in their individual capacities.").  Plaintiff brings this <u>Bivens</u> action to recover

monetary damages and punitive damages against the out of state defendants in their

individual capacities.  Accordingly, § 1391(b), not  § 1391(e) applies to this case.[8]

Several of the defendants do not reside in Pennsylvania.  The conduct about which

plaintiff complains from these individuals did not occur in the Middle District of

Pennsylvania.  The Middle District of Pennsylvania is therefore not the appropriate

venue for these claims.  We will adopt Magistrate Judge Blewitts' recommendation to

---

[8]28 U.S.C. § 1391(b) reads:
A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

dismiss the Plaintiff's action as to these defendants.

## B. Dismissal of Defendant Inch as a Party

Plaintiff next objects to Magistrate Judge Blewitt's recommendation that Defendant Inch, a public health employee who was directly involved in plaintiff's care, be dismissed because she is immune from the plaintiff's <u>Bivens</u> action.[9]  The defendant argues that PA Inch is a necessary party and that PA Inch violated plaintiff's civil rights.  He further postulates that PA Inch committed criminal acts against him and that her dismissal would prevent him from obtaining justice.

Magistrate Judge Blewitt suggests that we dismiss the <u>Bivens</u> action against PA Inch because the FTCA is plaintiff's exclusive remedies for the wrongs she allegedly committed.  We agree.

This court addressed this issue in <u>Freeman v. Inch</u>, No. 3:04-cv1546, 2005 Lexis 41915, *5-6 (M.D. Pa. May 16, 2005).  Inch is a Public Health Services employee.  <u>Id.</u> at *6.  "The FTCA is the exclusive remedy for injury relating to PHS officers' performance of medical functions within the scope of their duties."  <u>Id.</u> (citing <u>Cuoco v. Moritsugu,</u> 222 F.3d 99, 107 (2d Cir. 2000)).

> The remedy against the United States provided by sections 1346(b) and 2672 of title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of title

---

[9]"<u>Bivens</u> established that victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right."  <u>Carlson v. Green</u>, 446 U.S. 14, 18 (1980).  A <u>Bivens</u> action is the federal equivalent of an action brought pursuant to 42 U.S.C. 1983 and the same legal principles apply.  <u>Paton v. LaPrade</u>, 524 F.2d 862, 871 (1975).

28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a).  Plaintiff cannot bring a <u>Bivens</u> claim against Inch to seek redress for his injury, but instead must bring a claim against the United States under the FTCA.  <u>Freeman</u>, at *6 (citing <u>Cuoco</u>, 222 F.3d at 108).   Accordingly we find that under 42 U.S.C. § 233(a) plaintiff's exclusive remedy for his alleged injury is a suit against the United States pursuant to the FTCA.  We will dismiss his <u>Bivens</u> claim against PA Inch.

## C. Dismissal of Seven Supervisory Persons as Parties

The Plaintiff also objects to Magistrate Judge Blewitt's recommendation that the Plaintiff's claims against seven supervisory defendants be dismissed.[10]  These defendants include the former and current Attorney General of the United States, directors of the FBP, USMS, and FBP; the National Administrator of the FBP; and the Warden of Allenwood FCI.  Plaintiff argues that these defendants have or had responsibility in their supervisory capacities to ensure that the FBP operated within the guidelines of the law and that the prisons maintained a constitutional level of

---

[10]Magistrate Judge Blewitt recommended that the claims against defendants John Ashcroft [former U.S. Attorney General], Alberto Gonzales [current U.S. Attorney General], Hal McDonough [Director of the USMS, MTDT], Harley Lappin [Director of the U.S. FBP], Karen F. Hogsten [Warden of Allenwood, FCI], Scott Dodrill [Regional Director of FBP], and Harrell Watts [National Administrator, FBP].

competent medical care.  Plaintiff contends that these parties are necessary to the action due to their failure to supervise adequately the FBP. This lack of supervision, he claims, lead to his medical condition.

Magistrate Judge Blewitt recommends that we dismiss plaintiff's action against these defendants because the plaintiff has not stated sufficiently the personal involvement of these individuals in the alleged denial of proper medical care.  We agree.

In general, prison staff members who are not medical personnel cannot be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." Durmer v. O'Carrol, 991 F.2d 64, 69 (3d Cir. 1993)); see also Gussman v. Bureau of Prisons, Civil No. 4:Cv-04-2339, 2006 WL 1680851, *7 (M.D. Pa. March 14, 2006) (stating that "a non-physician defendant cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints when the inmate is already receiving treatment from the prison's medical staff.") (citing Durmer, 991 F.2d at 69); Spruill v. Gillis, 372 F.3d 218, 236 (stating that "[i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.").

Liability may be properly imposed, however, on a non-physician prison official if that official had actual knowledge or reason to know of the medical mistreatment committed by his employees.  See Spruill, 372 F.2d at 236 (concluding that "absent

12

reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with Eighth Amendment scienter requirement of deliberate indifference.")

Plaintiff has not alleged that any of the supervisory defendants knew or had reason to know of his illness.  Nor does he plead that the supervisory defendants caused him any injuries or refused him to be treated for his condition.  He does not allege that these defendants had any direct responsibility for decisions about his care.  Accordingly, we will overrule the plaintiff's objection and order dismissal of plaintiff's claims against the seven supervisory defendants.

**D. Failure to Respond to Plaintiff's Claim for Injunctive Relief**

Plaintiff also objects to Magistrate Judge Blewitt's R&R on the grounds that it fails to address his claims for injunctive relief.  He argues that he made a *prima facie* showing that he is entitled to injunctive relief in order to preempt any further deterioration of his condition.  The law, plaintiff claims, mandates consideration of injunctive relief to further the interests of justice and to resolve claims of civil rights violations.

This objection is premature.  Plaintiff has filed documents to proceed *in forma pauperis* (Docs. 2 & 10) pursuant to 28 U.S.C. § 1915, the Prison Litigation Reform Act (hereinafter "PLRA").  PLRA obligates the court to engage in a screening process. Magistrate Judge Blewitt engaged in this process under 28 U.S.C. § 1915

(e)(2), which was created by 805(a)(5) of the PLRA.[11]  We cannot rule on plaintiff's

requested relief until the defendants have an opportunity to respond.  Since an

injunction could be the ultimate outcome of this matter, we cannot resolve that issue

at this preliminary stage.  For these reasons, plaintiff's objection to Magistrate Judge

Blewitt's failure to award him injunctive relief is overruled.

## Conclusion

For the foregoing reasons, we will overrule the plaintiff's objections and adopt

Magistrate Judge Blewitt's report and recommendation.

---

[11] 28 U.S.C. § 1915(e)(2) provides:

(2)Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that A) the allegation of poverty is untrue; or B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL EUGENE HODGE,** | : | **No.  3: 06cv1622** |
| **Plaintiff,** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **JOHN ASCROFT,** | : | |
| **ALBERTO GONZALES,** | : | |
| **HAL McDONOUGH,** | : | |
| **HARLEY LAPPIN,** | : | |
| **KAREN F. HOGSTEN,** | : | |
| **SCOTT DODRILL,** | : | |
| **HARRELL WATTS,** | : | |
| **DANIAL E. JESUS,** | : | |
| **ERIC WILSON,** | : | |
| **J. BRADY,** | : | |
| **A. OKUNDAY,** | : | |
| **KEVIN PIGOS,** | : | |
| **RONALD LAINO, and** | : | |
| **MS. INCH,** | : | |
| **Defendants** | : | |
| | : | |

15

### ORDER

**AND NOW**, to wit, this 31st of August 2007:

1) the Report and Recommendation (Doc. 54) of Magistrate Judge Thomas M.

Blewitt is hereby **ADOPTED**;

2) the plaintiff's Objections (Doc. 55) are **OVERRULED**;

3) the plaintiff's second amended complaint against Defendants Ashcroft,

Gonzales, McDonough, Lappin, Jesus, Conrad, Webster, Wilson, Inch,

Hogsten, Dondrill and Watts is **DISMISSED;**

4) plaintiff's motion to serve defendants (Doc. 53) is **DENIED** as moot; and

5)  the case is **REMANDED** to Magistrate Judge Blewitt for further

proceedings consistent with this opinion.

                              BY THE COURT:

                              s/ James M. Munley
                              **JUDGE JAMES M. MUNLEY**
                              **United States District Court**

16