IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL EUGENE HODGE,** : | No. 3:06cv1622 |
| **Plaintiff** : | |
| : | (Judge Munley) |
| **v.** : | (Magistrate Judge Blewitt) |
| : | |
| **UNITED STATES,** : | |
| **DR. J BRADY,** : | |
| **C.L. CONRAD,** : | |
| **A. OKUNDAY,** : | |
| **KEVIN PIGOS, and** : | |
| **ADMINISTRATOR RONALD LAINO,** : | |
| **Defendants** : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court is Plaintiff Michael Eugene Hodge's motion for reconsideration (Doc. 80) of Magistrate Judge Thomas M. Blewitt's October 15, 2006 order (Doc. 76) denying plaintiff's motion for reconsideration (Doc. 75) of an earlier order of the court. We will construe this motion as an appeal of a non-dispositive ruling of the magistrate judge. The order about which plaintiff complains (Doc. 68) in pertinent part denied plaintiff's motion (Doc. 66) to proceed under a pseudonym and have all previous entries to the record altered to reflect this change. Plaintiffs may appeal a non-dispositive order of a magistrate judge to the district court. See 28 U.S.C. § 636(b)(1)(A). The standard of review for a non-dispositive order by a magistrate judge is to determine if the magistrate judge's ruling was clearly erroneous or contrary to law. Id.

Plaintiff's initial motion sought an order from the court that the case was to proceed using a pseudonym to identify the plaintiff. Plaintiff argued that his "request is triggered by the fact that the questions of law relate to the medical care of the Plaintiff" and privacy laws therefore prevented use of his name. (Motion (Doc. 68)). In denying the motion, the Magistrate Judge noted that the record already contained 66 documents that bore the plaintiff's name, and found that granting a motion to proceed anonymously was therefore moot. In addition, the court found that plaintiff's privacy rights were not violated because personal medical information had become part of the case. When the Magistrate Judge denied plaintiff's motion for reconsideration, he concluded that whatever privacy interest plaintiff had in his medical information, he had waived that interest through repeated filings in the case that used his real name. The court also found a waste in judicial resources in redacting information already revealed.

We find that the magistrate judge's opinion was neither clearly erroneous nor contrary to law. Plaintiff has not demonstrated that he has the right to proceed anonymously. The Federal Rules of Civil Procedure demand that litigants provide "the names of all the parties." Fed. R. Civ. P. 10(a). The public nature of lawsuits and the public interest inherent in the rights vindicated in courtrooms makes open and transparent proceedings imperative to equitable outcomes. See M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998) (holding that "Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those

exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.  The risk that a plaintiff may suffer some embarrassment is not enough.") (quoting Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992)).

Those federal courts which have ruled on the propriety of anonymous plaintiffs have held that "a district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." Advanced Textile, 214 F.3d at 1068. The Ninth Circuit Court of Appeals, for example, has noted that "we allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" Id. at 1067-68 (quoting United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1981)).  The Fourth Circuit Court of Appeals has similarly found that "[f]ederal courts traditionally have recognized that in some cases the general presumption of open trials–including identification of parties and witnesses by their real names–should yield in deference to sufficiently pressing needs for party or witness anonymity." James v. Jacobson, 6 F.3d 233, 242 (4th Cir. 1993).

The Third Circuit Court of Appeals has not articulated a standard by which we are to weigh efforts by litigants to proceed anonymously.  Federal courts in the Third Circuit, however, have held that "[i]n determining whether a party may proceed under

3

a pseudonym, the public's right of access should prevail unless the party requesting pseudonymity demonstrates that her interests in privacy or security justify pseudonymity." Doe v. Evans, 202 F.R.D. 173, 175 (E.D. Pa. 2001). They have also articulated factors weighing in favor and against the use of pseudonyms for plaintiffs. Those factors cited by courts in favor of allowing plaintiffs to proceed anonymously include: "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiaility of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publically identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives." Doe v. Hartford Life and Accident Ins. Co., 237 F.R.D. 545, 549 (D. N.J. 2006) (quoting Doe v. Provident Life & Accident Ins. Co., 176 F.R.D. 464, 467-68 (E.D. Pa. 1997)). Factors against use of pseudonyms are: "(1)the universal level of public interest in access to the identities of the litigants; (2) whether, because of the subject matter of the litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3)whether the opposition to pseudonym by counsel, the public, or the

4

press is illegitimately motivated." Id. at 550 (quoting Id. at 468).[1]

Here, the magistrate judge was correct to conclude that plaintiff's initial use of his own name in court filings precluded his later attempt to proceed under a pseudonym. Whatever privacy right plaintiff may seek to protect by using a pseudonym, the fact that the docket contains more than sixty entries which were filed using plaintiff's real name means that plaintiff did not take any steps to prevent the disclosure of his identity until the case had been in the court for thirteen months. Attempting to enforce such anonymity now would be futile. The magistrate judge's opinion denying plaintiff's motion to proceed pseudonymously was therefore neither clearly erroneous nor contrary to the law, and we will deny plaintiff's appeal. An appropriate order follows.

---

[1] The Fourth Circuit Court of Appeals has offered a similar test, but one not binding here. In deciding whether to allow anonymity for plaintiffs, courts in that circuit should consider "whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." James, 6 F.3d at 238.

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL EUGENE HODGE,** | : | No. 3:06cv1622 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| **v.** | : | (Magistrate Judge Blewitt) |
| **DR. J. BRADY,** | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **A. OKUNDAY,** | : | |
| **KEVIN PIGOS, and** | : | |
| **ADMINISTRATOR RONALD LAINO,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 15th day of November 2007, the plaintiff's appeal (Doc. 80) of Magistrate Judge Blewitt's order denying his motion for reconsideration is hereby **DISMISSED**.

                                      **BY THE COURT:**

                                      **s/ James M. Munley**
                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**