IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL EUGENE HODGE,** | : | No. 3: 06cv1622 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **HARRELL WATTS,** | : | |
| **J. BRADY,** | : | |
| **A. OKUNDAY,** | : | |
| **KEVIN PIGOS, and** | : | |
| **RONALD LAINO,** | : | |
| Defendants | : | |
| | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court are plaintiff's objections to Magistrate Judge Thomas M. Blewitt's March 5, 2008 order (Doc. 96) granting, in pertinent part, the United States of America's motion for extension of time to respond to plaintiff's second amended complaint.

**I. Background**

This case involves complaints by the plaintiff about the medical care provided him as a prisoner at the Federal Correctional Institution in Allenwood, Pennsylvania. The case is currently before Magistrate Judge Blewitt, who is supervising discovery. The matter in question here involves an order issued by Magistrate Judge Blewitt on March 5, 2008. In that order, the magistrate judge directed the Clerk of Court to add

a party to the case and to serve the complaint on that party.  (Order (Doc. 96) at ¶¶ 1-2).  The order also requested that the new defendant waive service.  (Id. at ¶ 4).  The order granted the United States's motion for an extension of time to answer the amended complaint and the plaintiff's "request for disclosure."  (Id. at ¶ 4).  The court gave defendants thirty days to respond to the amended complaint after service on the new defendant.  (Id. at ¶ 5).

On March 17, 2008, plaintiff filed objections to this non-dispositive order (Doc. 102).  The plaintiff contends that the magistrate judge ruled on the defendants' motion for an extension of time before he had an opportunity to object, which denied him due process.  (Id. at 2).  He also complains that the magistrate judge failed to state a date on which the additional defendant had to be served, making the date upon which default would be appropriate uncertain.  (Id.).  Finally, plaintiff insists that the magistrate judge erred in failing to take into account that the Federal Tort Claims Act portion of his complaint "is ripe for the Defendants' responce [sic] and disclosure."  (Id.).

## II. Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") and 28 U.S.C. § 1346(b)(1) ("The district courts. . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of

2

property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.").

The plaintiff in this action resides at the FCI-Allenwood, Pennsylvania, which is located in the Middle District of Pennsylvania. The United States is a party to this action, and the action concerns the Eighth Amendment of the United States Constitution.

**III. Standard**

Here, the plaintiff appeals the magistrate judge's non-dispositive order. The standard of review for a non-dispositive order by a magistrate judge is to determine if the magistrate judge's ruling was clearly erroneous or contrary to law. 28 U.S.C. 636(b)(1)(A).

**IV. Discussion**

Plaintiff objects to three parts of the magistrate judge's order. We will address each in turn.

First, plaintiff contends that the magistrate judge erred by ruling on the motion for an extension of time before he had an opportunity to file a brief in opposition to such motion. No clear error of law exists here. A court "for cause shown may at any time in its discretion (1) with or without motion or notice order the period [to respond]

3

enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order." FED. R. CIV. P. 6(b). Thus "[t]he court has considerable discretion in granting or denying any motion for enlargement of time." Hoffman v. Kennedy, 30 F.R.D. 50, 51 (E.D. Pa. 1962). Given this broad discretion, no clear error of law existed when the magistrate judge granted the motion for extension of time before receiving a brief from plaintiff.

Next, plaintiff complains that the magistrate judge did not set a specific date upon which the United States Marshall's Service was to serve the newly added defendant. Magistrate Judge Blewitt's order specifies that "The Clerk of Court is directed to serve Plaintiff's Second Amended Complaint (Doc. 51) upon Defendant Vermeire in accordance with Rule 4 of the Federal Rules of Civil Procedure." No clear error of law exists here, since the Federal Rules of Civil Procedure provide the dates by which the complaint must be served on the new defendant and the time limits for the defendant's response. See FED. R. CIV. P. 4(m) (establishing that "[i]f service of the summons and complaint is not made within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to the defendant ro direct that service be effected within a specified time."). These rules eliminate any need for the court to establish independently dates by which service must be perfected. The dates by which the complaint must be served and an answer provided are thus clear; Defendant Vermeire must either waive service or he must be served within 120 days.

We will deny the appeal on this issue.[1]

Third, plaintiff complains that the magistrate judge should not have granted defendants' request for an extension of time to respond to his complaint and his "request for disclosure," since those claims were "ripe" and subject to discovery. No clear error of law exists here either. A court has wide discretion to grant extensions of time. See Orange Theatre Corp. v. Rayherstz Amusement Corp., 139 F.2d 871, 872 (3d Cir. 1944) (holding that "the court had ample power, in its discretion, to extend the time for serving a motion or answer."). No clear error of law existed in granting the extension here, since the court was still working to ensure that all parties necessary to the complaint were included on the docket. The magistrate judge also did not abuse its discretion in determining that defendants were not yet required to respond to plaintiff's discovery requests. Defendants have not yet responded to the complaint, and one of the defendants has not yet been served. If the court were to grant a motion to dismiss filed by the defendants after all were served, any discovery conducted would become moot. The magistrate judge did not abuse his discretion in deciding to wait to consider discovery requests until all parties were present in the case. We will therefore deny the appeal on these grounds as well.

**Conclusion**

---

[1] In any case, the magistrate judge ordered that "Defendants shall respond to Plaintiff's Second Amended Complaint and Plaintiff's 'Request for Disclosure' within thirty (30) days of service upon Defendant Vermeire." (Doc. 96 at ¶ 5).

For the foregoing reasons, we will deny the plaintiff's appeal of the magistrate judge's non-dispositive order.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL EUGENE HODGE,** | : | No.  3: 06cv1622 |
| **Plaintiff,** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **HARRELL WATTS,** | : | |
| **J. BRADY,** | : | |
| **A. OKUNDAY,** | : | |
| **KEVIN PIGOS, and** | : | |
| **RONALD LAINO,** | : | |
| **Defendants** | : | |
| | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### ORDER

**AND NOW**, to wit, this 26th day of March 2008, the plaintiff's appeal (Doc. 102) of the magistrate judge's non-dispositive order (Doc. 96) is hereby **DENIED**.

                                       **BY THE COURT:**

                                       **s/ James M. Munley**
                                       **JUDGE JAMES M. MUNLEY**
                                       **United States District Court**