# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL EUGENE HODGE,** : | No. 3: 06cv1622 |
| Plaintiff : | |
| : | (Judge Munley) |
| v. : | |
| **UNITED STATES OF AMERICA,** : | |
| **HARRELL WATTS,** : | |
| **J. BRADY,** : | |
| **A. OKUNDAY,** : | |
| **KEVIN PIGOS, and** : | |
| **RONALD LAINO,** : | |
| Defendants : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is plaintiff's appeal of Magistrate Judge Thomas M. Blewitt's March 13, 2008 order (Doc. 101) dismissing plaintiff's filings of March 10 and 11, 2008 (Docs. 98-100), which the magistrate judge construed as requests for injunctions against prison officials in Arkansas.

**I. Background**

This case involves complaints by the plaintiff about the medical care provided him as a prisoner at the Federal Correctional Institute in Allenwood, Pennsylvania and at the federal prison in Forrest City, Arkansas. On March 10, 2008, plaintiff filed a "motion to serve notice of forthcoming attachment/affidavit to the forgoing motion for injunction" (Doc. 98). This document requested the court to order the clerk of

court to serve several documents on the defendants. On March 11, 2008, plaintiff filed a "commercial affidavit," which he also titled a "brief" and "attachment to plaintiff's motion for injunctive relief." (Doc. 99). Despite this title, plaintiff did not file a motion for an injunction. The affidavit contends that plaintiff, who suffers from liver disease, has not received proper medical care at the Forrest City, Arkansas prison complex. (<u>Id.</u> at 3). Also on March 11, plaintiff filed a motion requesting that his affidavit be filed under seal.[1] (Doc. 100).

In his March 13, 2008 order, Magistrate Judge Blewitt notes that plaintiff is engaged in ongoing litigation about events that transpired at the Federal Correctional Institution in Allenwood, Pennsylvania. The instant motions and the proposed preliminary injunction motion, however, address conditions at the federal institution in Forrest City, Arkansas. They also do not relate to any of the grounds that gave rise to the instant lawsuit. Accordingly, Magistrate Judge Blewitt found that plaintiff's motions should be dismissed as irrelevant to the lawsuit before him and more properly filed in the federal district court encompassing Forrest City, Arkansas. On March 25, 2008, plaintiff filed an appeal of this non-dispositive order (Doc. 103), bringing the case to its present posture.

**II. Jurisdiction**

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts

---

[1] Plaintiff filed a motion for an injunction against prison officials in Arkansas on March 25, 2008 (Doc. 104).

2

shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") and 28 U.S.C. § 1346(b)(1) ("The district courts. . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.").

The plaintiff to this action is currently incarcerated in Forrest City, Arkansas. The United States is a party to this action, and the action concerns the Eighth Amendment of the United States Constitution.

### III. Standard

Here, the plaintiff appeals the magistrate judge's non-dispositive order. The standard of review for a non-dispositive order by a magistrate judge is to determine if the magistrate judge's ruling was clearly erroneous or contrary to law. 28 U.S.C. 636(b)(1)(A).

### IV. Discussion

Plaintiff argues that the magistrate judge erred in concluding that any motion for a preliminary injunction against prison officials in Arkansas should be filed as a separate action in the Federal District Court with jurisdiction over the prison in that

state. Plaintiff contends that he had intended to file a motion for a preliminary injunction with his other documents, but that the motion had somehow been misplaced. (Doc. 103 at 1). In any case, he contends that the motion was appropriately filed in this district because the United States and its employees are parties to the instant suit and parties to his motion for a preliminary injunction based on events occurring in Arkansas as well. In addition, his transfer to the prison in Arkansas was an attempt to "impede" plaintiff's "ongoing medical care" as well as an effort to prevent him from furthering his legal interests. As such, actions against prison officials in that state should be considered part of his initial lawsuit. Plaintiff also complains that prison officials have a legal right to place him in any prison across the country, but he is constrained to file in the particular district where he is housed. Such requirements, plaintiff insists, will lead to further deterioration of his medical condition, causing him irreparable harm.

We disagree with the plaintiff. Here, the magistrate judge essentially concluded that the United States District Court for the Middle District of Pennsylvania is not the proper venue to hear plaintiff's complaints about his medical treatment while incarcerated in Arkansas. The magistrate judge did not conclude that this court is an improper forum to address plaintiff's complaints about his past treatment by prison officials in this district, and did not determine that plaintiff's lawsuit about that treatment should be dismissed. Instead, he found that this court is not properly equipped to address complaints about plaintiff's present medical condition and

4

treatment. We agree. Venue is proper:

> only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Here, the plaintiff is now incarcerated in Arkansas. The defendants are federal officials located in Arkansas. The events giving rise to the motion for a preliminary injunction all took place in that state. Because the courts in Arkansas are better equipped and located more closely to all of the parties involved in the case, the magistrate judge was correct to conclude that this court is not the appropriate forum for plaintiff's complaints about his current treatment.[2]

If plaintiff seeks relief for his alleged treatment while in Arkansas, he should file a proper complaint in the federal district court covering Forrest, Arkansas. Plaintiff's case in this district will not be harmed by such a requirement, as he can simultaneously maintain actions in both venues.

**Conclusion**

For the foregoing reasons, we will deny the plaintiff's appeal of the magistrate judge's non-dispositive order. An appropriate order follows.

---

[2] Indeed, plaintiff admits that he intends to file suit in Arkansas as well.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL EUGENE HODGE,** | : | No.  3: 06cv1622 |
| **Plaintiff,** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **HARRELL WATTS,** | : | |
| **J. BRADY,** | : | |
| **A. OKUNDAY,** | : | |
| **KEVIN PIGOS, and** | : | |
| **RONALD LAINO,** | : | |
| **Defendants** | : | |
| | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 26th day of March 2008, the plaintiff's appeal (Doc. 103) of the magistrate judge's non-dispositive order (Doc. 101) is hereby **DENIED**.

**BY THE COURT:**

**s/ James M. Munely**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

6