IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL HODGE,                    :        CIVIL ACTION NO. **3:CV-06-1622**
                                  :
              Plaintiff           :        (Judge Munley)
                                  :
              v.                  :        (Magistrate Judge Blewitt)
                                  :
UNITED STATES OF AMERICA, et al., :
                                  :
              Defendants          :

**REPORT AND RECOMMENDATION**

**I. Background**.

        Plaintiff Hodge is proceeding on his Eighth Amendment claims with respect to his *Bivens* civil

rights action under 28 U.S.C. § 1331 as against five individual Defendants who were employed at

FCI-Allenwood, *i.e.* Brady, Pigos, Laino, Vermeire and Okundaye, and on his negligence claim in

his FTCA action against the United States. (*See* Doc. 62).  Plaintiff's *in forma pauperis* Motion was

granted.  (Doc. 64).

        Plaintiff is a *pro se* inmate now confined at LSCI-Butner, Butner, North Carolina.  (*See* Doc.

164, att. envelope and Doc. 163, p. 7).  Plaintiff was formerly an inmate confined at the Federal

Correctional Institution at Allenwood, White Deer, Pennsylvania ("FCI-Allenwood").  All of Plaintiff's

claims, both constitutionally claims and negligence  claim, occurred during his confinement at FCI-

Allenwood and relate to the alleged improper medical care Plaintiff received for his Hepatitis C and

Stage IV liver cirrhosis condition.   In particular, with respect to his FTCA claim against the

government, Plaintiff contends that his medical treatment for his liver condition was delayed and

that his Interferon prescribed medication was decreased, which caused his condition to become

worse.[1]

On December 29, 2008, Plaintiff filed a one-sentence "Motion for the Court to Release and or Compensate, Plaintiff's Medical Expert and or in the Alternative to Reconpense (sic) any and all Fees from Anticipated Recovery." **(Doc. 160).** Plaintiff simultaneously filed a one-page Statement of Relevant Facts in which he states, in pertinent part, as follows:

> Plaintiff requires a Medical expert's (sic) testimony or board certified liver specialist to determine the factuial (sic) elements of his case, specifically the community and others similarly situated of standardes (sic) of medical care. Deviations (sic) from those standardes (sic) by each of the defendents (sic) and attest with a degree of medical certainty to the resulting harm, absent expert (sic) testimony the Plaintiff is unable to sustain this burden of proof and its (sic) beyond the Courts (sic) tier (sic) [trier] of fact.

(Doc. 161, ¶ 3.).

Plaintiff states that he is willing to pay for a court-appointed medical expert to assist him in his case from the monies he anticipates he will recover if he prevails in this action.

On January 12, 2009, Defendants jointly filed their opposition Brief to Plaintiff's Doc. 160 Motion. (Doc. 163). Plaintiff filed his Reply Brief on January 26, 2009. (Doc. 164).

Previously, on April 16, 2008, all remaining Defendants, *i.e.* United States, Brady, Pigos, Laino, Vermeire and Okundaye, jointly filed a Motion to Dismiss or, in the alternative, for Summary

---

[1]The record shows that Defendant Dr. Vermeire began treating Plaintiff's liver condition with Interferon and Ribavirin tablets in October 2005. (Doc. 117, p. 4). During Plaintiff's treatment by the FCI-Allenwood medical staff, including Defendant Dr. Brady, through October 2006, Plaintiff's Interferon medication was deceased and increased back to a full dose, depending, in part, on lab results such as his white blood count. In October 2006, Plaintiff's medications for Interferon and Ribavirin were discontinued. (*Id.*, pp. 4-11).

Judgment. **(Doc. 111)**.   Defendants filed their support Brief and their Rule 56.1, M.D. Pa., Statement of Material Facts ("SMF"), with numerous attached Exhibits, on April 30. 2008.  (Docs. 116 and 117).  Plaintiff filed his response to Defendants' SMF, his opposition Brief, and exhibits. (Docs. 135, 136 & 141).   Defendants' dispositive Motion has been briefed and is ripe for disposition.[2]

        In their pending dispositive Motion, Defendants argue, in part, that Plaintiff's FTCA action as against the Defendant United States must be dismissed since he did not file a Certificate of Merit ("COM") required under Pennsylvania law for a professional malpractice action.  (Doc. 116, pp. 28-31).  In the present Report and Recommendation ("R&R"), we address the stated portion of Defendants' dispositive Motion regarding Plaintiff's FTCA claim, as well as Plaintiff's Doc. 160 Motion.[3]

## II. Discussion.

        As stated, part of Plaintiff's present case is an FTCA action against Defendant United States in which he claims that his medical treatment by the BOP staff with respect to his Hepatitis-C condition was negligent.   In his present Motion, Plaintiff states that he needs expert medical testimony from a board certified liver specialist to determine the factual elements of his case, and to assist him with the  legal issue of whether the government deviated from the accepted standards

---

        [2]This action was assigned to the undersigned for pre-trial matters pursuant to 28 U.S.C. § 636(b).

        [3]We will address the remaining arguments of Defendants asserted in their dispositive Motion with respect to Plaintiff's Eighth Amendment claims against the five stated individual Defendants in a separate R&R.

of medical care in the community regarding his allegations that he was denied access to proper medical treatment by the BOP for his Hepatitis-C condition and stage IV liver cirrhosis condition.

As this Court has previously held, under Pa. R. Civ. P. 1042.3, Plaintiff was required to file a COM  from a medical expert with respect to his professional negligence claim against the United States.  (Doc. 139).[4]  However, we agree with Defendants that the mere need for a medical expert to succeed in Plaintiff's FTCA lawsuit and the fact that Plaintiff is proceeding *in forma pauperis* under § 1915(d) does not entitle Plaintiff to the relief he seeks in his Doc. 160 Motion.  (Doc. 163, p. 3).

Even though this Court has held that a COM must be filed in Plaintiff's case with respect to his FTCA action against the United States, *i.e.* for Plaintiff's state law professional malpractice action brought in federal court (Doc. 139), Plaintiff incorrectly states that because he is an indigent proceeding *in forma pauperis* and he needs an expert to prove the elements of his malpractice action against the United States, he is entitled to the appointment of an expert by the Court. Plaintiff's *in forma pauperis* Motion was granted.  (Doc. 64).  Simply because Plaintiff is *pro se* does not entitle him to a court-appointed medical expert.  *See Levi v. Hogsten*, Civil No. 07-1839, M. D. Pa., 1-16-09 Memorandum and Order.

---

[4]A COM must be filed for a Pennsylvania State professional negligence claim or the claim will be dismissed.  *Velazquez v. UPMC Bedford Memorial Hospital*, 328 F. Supp. 2d 549, 558 (W.D. Pa. 2004).  This Court has found that the COM requirement of Rule 1042.3 applies to cases filed in federal court, and it applies to incarcerated and *pro se* plaintiffs, such as Plaintiff Hodge.  (Doc. 83, p. 4).  *Perez v. Griffin*, 2008 WL 2383072, * 3 (M.D. Pa.), *aff'd.* 2008 WL 5351829 (3d Cir.).

We agree with Defendants that even though Plaintiff will require a medical expert to prove his case (and to file a COM), neither the government nor the Court is required to pay for an expert for Plaintiff.  (Doc. 163, pp. 3-5).  There is no dispute that Plaintiff did not file a COM under Rule 1042.3 at the time he filed this action in this Court or within sixty (60) days after he filed his Complaint.  Rather, Plaintiff now seeks this Court to appoint a medical expert for him, and seemingly, he will request the expert to prepare his COM.

In *Boyd v. U.S.*, 2006 WL 2828843, * 6 (M.D. Pa.), this Court stated that "[PA] Rule 1042.3 is indeed applicable to state law malpractice claims brought in federal court."  Rule 1042.3 applies when federal courts are addressing state law professional negligence claims in  both diversity and supplemental jurisdiction cases.   The *Boyd* Court also stated:

> "Under Pennsylvania law, a party filing a professional liability claim
> must file a certificate of merit in which a professional licensed in the
> same field supplies a written statement that a reasonable probability exists
> that the actions of the defendant fell outside acceptable professional
> standards and that the actions were the cause of harm suffered by the
> plaintiff. *See Pa. R.C.P. 1042.3(a)(1).* If a Plaintiff fails to file the required
> certificate within sixty (60) days of filing the complaint, Defendants
> may file a praecipe for entry of a judgment of *non pros. See* Pa. R.C.P. 1042.6

*Id.*, * 5; *See also Santee v. United States*, 2008 WL 4426060 (M.D. Pa.); *Lopez v. Brady*, 2008 WL 4415585 (M.D. P.a).

Recently, in *Perez v. Griffin*, 2008 WL 5351829, * 2 (3d Cir. 2008)(Per Curiam), the Third Circuit affirmed this Court's finding that the COM rule is a substantive rule of state law that applies in federal court actions.  In *Perez*, the Third Circuit stated, "Rule 1042.3 is a substantive state law that federal district courts must apply." (citations omitted).  *Id.*  Plaintiff's contention in his Brief in opposition to Defendants' dispositive Motion that the COM requirement should not even apply in

his case since his case is now based on this Court's diversity jurisdiction due to his transfer by the BOP to a prison outside of Pennsylvania, is of no merit since his FTCA action was filed in Pennsylvania, when he was confined in Pennsylvania, and arises out of conduct that occurred in Pennsylvania. (Doc. 141, p. 19). Thus, the Pennsylvania COM requirement still applies in Plaintiff's case.

We agree with Defendants that *pro se* inmates proceeding *in forma pauperis* must pay for the expenses involved in their civil actions. In *Rodriguez v. Smith*, 2005 WL 1484591, *7 (E. D. Pa.), the inmate Plaintiff failed to file a COM under Rule 1042.3 and was waiting for the court to appoint a medical expert to prepare his COM. The *Rodriguez* Court stated that "the Court ... lacks authority to appoint a medical expert for [inmate] Plaintiff at the public's expense. *See Boring v. Kozakiewicz*, 833 F. 2d 468, 474 (3d Circ. 1987)."[5] The *Rodriguez* Court then concluded that "[b]ecause Plaintiff has failed to fully comply with the requirements of Rule 1042.3, the Medical Defendants' Motion to dismiss his medical malpractice claim is granted without prejudice." *Id.*

In *Kerwin v. Varner*, 2006 WL 3742738, *2 (M.D. Pa.), this Court denied an inmate Plaintiff's Motion to appoint a medical expert to assist with his case and stated that "we do not have the authority to appoint a medical expert or private investigator to act on behalf of [inmate] Kerwin." The *Kerwin* Court stated that, under Fed. R. Evid. 706, the court can appoint an independent expert to aid the court "and not for the purpose of aiding an indigent litigant, incarcerated or not." *Id.*

---

[5]Defendants rely heavily upon the *Boring* case, and we agree with Defendants that *Boring* holds there is no authority for courts to pay the fees of expert medical witnesses for indigent parties in civil cases. (Doc. 163, pp. 3-5).

The *Kerwin* Court concluded as follows:

> In sum, Kerwin's position as a pro se litigant proceeding in forma pauperis
> on an Eighth Amendment medical claim does not mandate that the Court
> appoint an expert for the aid of the Court at this point. This is especially
> true when it has yet to be determined that Kerwin has suffered any harm.
> Moreover, this Court is neither required, nor does it have the
> authority, to finance an expert on behalf of a plaintiff, no more than it
> can compel counsel to accept his case. *See Parham v. Johnson*,
> 7 F.Supp.2d 595, 600 n. 5 (W.D. Pa. 198). Kerwin's inability to
> proceed due to his inability to pay for an expert witness is no different
> than a non-prisoner litigant confronted with the same difficulty. *See
> Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) (§ 1915 does not
> authorize district courts to provide expert witness fees for indigent
> parties in civil actions). Even when confronted with a situation where
> the need for an expert is obvious, the Court cannot finance the fees for
> such a witness. *See Johnson v. Pennsylvania Department of Corrections*,
> Civ. No. 99-5325, 2002 WL 485635 (E.D. Pa. March 28, 2002)
> (after court-appointed counsel's extensive, yet unsuccessful efforts,
> for nineteen months to obtain a medical expert to support plaintiff's
> claims on the appropriateness of medical treatment received, the Court
> dismissed the action for failure to present competent medical testimony
> necessary to "any chance of success on his claims"). For these reasons,
> as well as Kerwin's submission of a brief in opposition to McGarvie's
> Motion for Summary Judgment, Kerwin's request for a court order
> appointing an expert witness or private investigator in this case will
> be denied.

*Id*. at *3 (Footnote omitted).

Defendants also attached to their opposition Brief the February 22, 2007 Order of this Court

in *Lombardi v. Pugh*, Civil No. 05-300, M.D. Pa. (Doc. 163-2). The reasoning of this Court in

*Lombardi* was similar to the reasoning of the Court in *Kerwin*. The *Lombardi* Court concluded:

> Since this matter is not presently scheduled for trial,
> appointment of an expert witness at this time would clearly
> not be for the benefit of assisting the jury as contemplated under
> *Ford* [and FRE 706]. Rather, appointment of an expert at this juncture would
> solely be for the purpose of assisting the Plaintiff in opposing a
> summary judgment motion.

(Doc. 163-2, pp. 2-3).

The *Lombardi* Court then denied the motion seeking appointment of an expert witness and payment of expert witness fees filed by its Plaintiff and held that "[u]nder the standards announced in *Ford*, the Court feels that it would be an abuse of discretion to appoint an expert witness under Rule 706 at this stage of the proceedings." (*Id.*, p. 3).

Accordingly, this Court has no authority to appoint a medical expert for Plaintiff Hodge at this juncture of the case to assist Plaintiff in proving, for purposes of defeating Defendants' dispositive Motion, his claim of professional medical malpractice with respect to the alleged negligent failure of the BOP medical staff to treat him properly for his Hepatitis-C and liver cirrhosis condition. Thus, we will recommend that Plaintiff's Motion for the Court to Compensate Plaintiff's Medical Expert **(Doc. 160)** be denied.

We now address Defendants' dispositive Motion insofar as Defendants contend that Plaintiff's FTCA claim against Defendant United States should be dismissed due to his failure to file a COM. (Doc. 116, pp. 28-31).

As stated, Defendants filed a Motion to Dismiss or for Summary Judgment on April 16, 2008. (Doc. 111). In their support Brief, Defendants argue, in part, that Plaintiff's FTCA action should be dismissed against the United States since he did not file a timely COM to support his medical negligence claim against the United States in violation of PA Rule 1042.3. (Doc. 116, p. 12, ¶ 9.).

There is no dispute that Plaintiff failed to timely file a COM in this case. The law is clear that the COM requirement under PA Rule 1042.3 applies to our Plaintiff. Further, this Court has afforded Plaintiff every opportunity to file a proper COM. (*See* Doc. 139). As we stated in our June

23, 2008 Memorandum (Doc. 139, pp. 11-12), "[f]ailure of Plaintiff to file a proper COM will result in a recommendation that Defendants' Motion to Dismiss Plaintiff's FTCA action (Doc. 111) be granted." We then gave Plaintiff until July 1, 2008 to file a proper COM, and to date, Plaintiff has not filed his COM.

In light of the recent *Perez* Third Circuit case, unless Plaintiff Hodge can show a reasonable explanation or legitimate excuse for his failure to timely file a Rule 1042.3 COM, his FTCA medical malpractice claim against the United States is subject to dismissal without prejudice. Also, we find that the failure of the Court to appoint a medical expert for Plaintiff does not suffice as a reasonable excuse for his noncompliance with Rule 1042.3 since, as discussed above, Plaintiff is not entitled to a court-appointed medical expert.

As the District Court in *Perez* recently stated:

> Failure to file either a certificate of merit under Rule 1042.3(a) or a motion for extension under Rule 1042.3(d) is fatal unless the plaintiff demonstrates that his or her failure to comply is justified by a "reasonable excuse." *Womer v. Hillier*, 908 A.2d 269, 279-80 (Pa. 2006) (holding that a court may reconsider judgment entered for failure to comply with Rule 1042.3 if the plaintiff demonstrates a "reasonable excuse" for the noncompliance); *see also* Pa.R.Civ.P. 1042.6 (authorizing entry of non pros judgment if a malpractice plaintiff fails to comply with Rule 1042.3); *Walsh v. Consol. Design & Eng'g., Inc.*, No. Civ. A. 05-2001, 2007 WL 2844829, at * 5 (E.D. Pa. Sept. 28, 2007) ("Rule 1042.3 is subject to equitable considerations and a party who fails to timely file a certificate of merit may be relieved from the requirement where the defaulting party provides a reasonable explanation or legitimate excuse.").

2008 WL 2383072, *2. *See also* Third Circuit decision in *Perez*, 2008 WL 5351829, * 2 ("failure to comply with Rule 1042.3 is not fatal to claims of professional liability if the Plaintiff can show 'reasonable excuse' for the noncompliance.")(citing *Womer v. Hilliker*, 908 A. 2d 269, 279-80 (Pa.

2006)).

In *Ramos v. Quien*, 2008 WL 4949896, *7 (E.D. Pa.), the Court stated:

> Under Pennsylvania law, a court may consider two equitable exceptions
> when a plaintiff has improperly properly filed a COM: whether the plaintiff
> has substantially complied with Rule 1042.3 and whether the plaintiff
> has offered a reasonable explanation or legitimate excuse for failure
> to comply. *Womer v. Hillier*, 589 Pa. 256, 908 A.2d 269, 276, 279
> (Pa. 2006). In *Womer*, the Pennsylvania Supreme Court upheld
> the judgment of non pros entered against the plaintiff pursuant to
> Pa.R.Civ.P. 1042.6 because the plaintiff failed to file a COM at all.
> *Id.* at 278. *Womer* recognized that while compliance with
> Rule 1042.3 is expected, Rule 1042.3 is subject to two "equitable
> exceptions." *Id.* at 276. First, Pennsylvania courts have interpreted
> Pa. R.Civ.P. 126 to give a trial court discretion to "overlook any
> 'procedural defect' that does not prejudice a party's rights" if there has
> otherwise been "substantial compliance." *Id.* (quoting *Sahutsky v. H.H.*
> *Knoebel Sons*, 566 Pa. 593, 782 A.2d 996, 1001 (2001)) (emphasis in
> original). Second, a plaintiff may seek relief from judgment for
> failure to prosecute if the plaintiff offers a "reasonable explanation"or
> "legitimate excuse" for failure to comply with the COM rule under
> Pa.R.Civ.P. 3051. *See id.* at 279, n. 11.

> The *Womer* court noted that an entry of judgment *non pros* can be
> appropriate where the plaintiff does not timely file a COM and fails
> to take any steps to comply with Rule 1042.3. *See id.* at 278-79.
> The court rejected the plaintiff's argument that providing the
> defendant with an expert report in discovery substantially complied
> with the requirements of Rule 1042.3. *See id.* at 278. The
> plaintiff's "honest belief" that it had substantially complied was also not
> a "reasonable explanation" or "legitimate excuse" for failing to file
> a proper COM. *Id.* at 280.

Thus, "in light of the strict interpretation of Rule 1042.3 in *Womer*, ... [the federal court] was

compelled to dismiss the Plaintiff's [negligence] claim without prejudice, but was equally compelled

to allow him to present a 'reasonable explanation or legitimate excuse for non-compliance' with

the COM requirement and that 'equitable considerations may excuse noncompliance in the

10

appropriate case.'" *Weaver v. Univ. of Pitts. Medical Center*, 2008 WL 2942139, *7 (W. D. Pa.)(citation omitted).  Accordingly, 'federal courts [apply] the two equitable considerations outlined in *Womer* to determine if an untimely filed COM may be accepted." *Ramos v. Quien*, 2008 WL 4949896, *8.

We agree with Defendants, based on the case law they have cited and submitted (*i.e.* Doc. 116, pp. 28-31 and the attached decision of *Maruca v. Hynick*, 2007 WL 675038, M.D. Pa.),[6] as well as the case law cited herein, and particularly the recent *Perez* case, that Plaintiff Hodge has failed to present a "reasonable explanation or legitimate excuse for non-compliance" with the COM requirement.  As stated, and as Defendants recognize, this Court has already determined that Plaintiff was required to file a COM in this case and that his attempted reliance on excerpts from Dr. Palmer's book cited in Plaintiff's previous filing, Doc. 136, pp. 30-31 and 37, was not a proper COM.  (Doc. 139, pp. 3-4).

We find that Plaintiff's mistaken beliefs, namely that he has complied with the Federal Rules of Civil Procedure when he filed his action and that his case is now based on diversity jurisdiction, making it unnecessary to file a COM in this case, do not amount to reasonable excuses based on the stated case law cited herein.  (Doc. 141, pp. 18-19).  We thus find that Plaintiff had no reasonable excuse for his failure to timely file a proper COM in this case since the law was clear at the time of filing that Pa. Rule 1042.3 was substantive law that federal courts must apply.  *See Iwanejko v. Cohen & Grigsby, P.C.*, 249 F. Appx. 938, 944 (3d Cir. 2007); *Maruca v. Hynick*, 2007 WL 675038 (M.D. Pa.).

---

[6]Plaintiff also cites to the *Maruca* case.  Doc. 141, p. 18.

Therefore, we will recommend that Defendants' Motion to Dismiss or for Summary Judgment (Doc. 111) be granted insofar as Defendants argue that Plaintiff's FTCA action should be dismissed without prejudice against the United States since he did not file a timely COM to support his medical negligence claim against the United States in violation of PA Rule 1042.3.

## III. Recommendation.

Based on the foregoing, it is respectfully recommended that Plaintiff's Motion for the Court to Compensate Plaintiff's Medical Expert **(Doc. 160)** be denied. It is also recommended that Defendants' Motion to Dismiss or for Summary Judgment **(Doc. 111)** be granted, in part, *i.e.*, insofar as Defendants argue that Plaintiff's FTCA action should be dismissed without prejudice against the United States since he did not file a timely COM to support his medical negligence claim against the United States in violation of PA Rule 1042.3. Further, it is recommended that Defendant United States be dismissed from this case since there are no other claims against it.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: January 30, 2009**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL EUGENE HODGE, | : | CIVIL ACTION NO. **3:CV-06-1622** |
| | : | |
| Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES OF AMERICA, et al., | : | |
| | : | |
| Defendants | : | |

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **January 30, 2009.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

13

magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.


                                               **s/ Thomas M. Blewitt**
                                               **THOMAS M. BLEWITT**
                                               **United States Magistrate Judge**

**Dated: January 30, 2009**