# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL EUGENE HODGE, | | |
| **Plaintiff** | : | No. 3:06cv1622 |
| | : | |
| **v.** | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | (Judge Munley) |
| A. OKUNDAY, KEVIN PIGOS, | : | |
| DR. J. BRADY, Administrator | : | |
| RONALD LAINO, and M.D. CALVIN | : | |
| VERMEIRE, | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court are plaintiff's objections (Docs. 166, 169) to Magistrate Judge

Thomas M. Blewitt's Reports and Recommendations (Docs. 165, 167). Having been

fully briefed, the matter is ripe for disposition.

## I. BACKGROUND:

Plaintiff Michael Hodge is presently incarcerated at the Low Security

Correctional Institute at Butler, North Carolina (hereinafter "LSCI-Butler")and was

previously confined at the Federal Correctional Institution at Allenwood,

Pennsylvania (hereinafter "FCI-Allenwood"). Plaintiff filed, pro se, this joint <u>Bivens</u>[1]

and Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 and 2680 action, on

---

[1] <u>Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics</u>, 403 U.S. 388
(1971). Plaintiff filed the compliant pursuant to 28 U.S.C. § 1331.

August 18, 2006 and is proceeding in forma pauperis.[2]

 Plaintiff filed his Second Amended Complaint (Doc. 51) on February 20, 2007 in an effort to comply with Magistrate Judge Blewitt's earlier reports and recommendations and orders and the orders of this court regarding his original and first amended complaints.  (See Docs. 18, 29, 40 and 25).

On August 31, 2007, this court issued a Memorandum and Order (Doc. 62) adopting the report and recommendations (Doc. 54) of Magistrate Judge Blewitt and dismissing Defendants Ashcroft, , Gonzalez, McDonough, Lappin, Jesus, Conrad, Webster, Wilson, Inch, Hogsten, Dondrill, and Watts from the action.

The remaining claims alleged in the Second Amended Complaint included (1) the negligence action against Defendant United States under the FTCA and (2) the Bivens action against Defendants Brady, Laino, Okundaye, Pigos, and Vermeire under 28 U.S.C. § 1331.  Magistrate Judge Blewitt's reports and recommendations (Docs. 165, 167) also address Plaintiffs "Motion for the Court to Release and or Compensate, Plaintiff's Medical Expert and or in the Alternative to Recopense [sic] any and all Fees from Anticipated Recovery" (Doc. 160) (hereinafter "Motion for the Court to Compensate Plaintiff's Medical Expert") and Plaintiff's Motion to Compel Information Related to Defendants (Doc. 154).

Plaintiff's second amended complaint asserts that defendants failed to provide

---

[2]Magistrate Judge Blewitt treated Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* as a motion for leave to proceed without prepayment of full costs and fees and granted the motion.  (See Doc. 64).

him with proper medical care for his stated serious medical conditions.  Plaintiff

claims that defendants violated his constitutional rights by failing to provide him with

proper medical care for his serious medical conditions, Hepatitis-C and stage IV

cirrhosis.  Plaintiff contended that Defendants conduct constituted a violation of his

Eighth Amendment right to be free from cruel and unusual punishment.  (See Doc.

51).

Plaintiff summarizes his claim in his second amended complaint as follows:

> The continued acts have denied/dalayed [sic] the Plaintiff (plf) comprehensive medical care for screening of infections desiese [sic] diagnosis of Hepititis [sic] -C- (hep-c), stage IV liver cirrhosis and the continued treatment of cirrhosis that included participation in medicinal clinical trials, participation in organ transplantation programs, a medical nutritional diet and classification to a prison that is closer to the plf's home to support better family ties for psycological [sic] well being.

(Id. at 1).

Plaintiff asserts a claim against Defendant United States under the FTCA for

the alleged negligence of Federal Bureau of Prisons staff in Plaintiff's medical

treatment.  (Report and Recommendation(hereinafter "R&R")(Doc. 165) at 3).

Plaintiff also asserts Bivens civil rights claims against Defendants Brady, Laino,

Okundaye, Pigos, and Vermeire alleging that the failure of each to provide Plaintiff

with "proper medical care for his stated serious liver conditions" constituted violations

of his Eighth Amendment rights.  (R&R (Doc. 167) at 2).  Plaintiff seeks

compensatory and punitive damages as well as injunctive relief.  (Doc. 51 at 14).

Following discovery, Defendants filed a Motion to Dismiss, or in the

Alternative, for Summary Judgment on Plaintiff's remaining claims. (Doc. 111).

Plaintiff filed a motion to compensate his medical expert, (Doc. 150), and a Motion to

Compel Information Related to Defendants (Doc. 154). Magistrate Judge Blewitt

issued two reports and recommendations regarding said motions, the first on

January 30, 2009 (Doc. 165) and the second on March 6, 2009 (Doc. 167). Plaintiff

filed objections (Docs. 166, 169), to both reports and recommendations. The parties

briefed the issues, bringing the case to its present posture.

## II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts

shall have original jurisdiction of all civil actions arising under the Constitution, laws,

or treaties of the United States.") and 28 U.S.C. § 1346(b)(1) ("The district courts . . .

shall have exclusive jurisdiction of civil actions on claims against the United States,

for money damages, accruing on and after January 1, 1945, for injury or loss of

property, or personal injury or death caused by the negligent or wrongful act or

omission of any employee of the Government while acting within the scope of his

office or employment, under circumstances where the United States, if a private

person, would be liable to the claimant in accordance with the law of the place where

the act or omission occurred.").

The plaintiff is currently incarcerated at LSCI-Butler, North Carolina. Plaintiff

was formerly confined at FCI-Allenwood, Pennsylvania, which is located in the

Middle District of Pennsylvania. Plaintiff's remaining claims arose from conduct that

4

occurred during his confinement at FCI-Allenwood.  The United States is a party to this action, and the action concerns the Eighth Amendment of the United States Constitution.

## III.  STANDARDS OF REVIEW

### A.  Report and Recommendation Standard

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a de novo determination of those portions of the report to which objections are made.  28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.  When no objections to a portion of the report and recommendation have been filed, we must determine whether a review of the record evidences plain error or manifest injustice to decide whether to adopt the report.  See, e.g., Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983); FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); 28 U.S.C. § 636(b)(1).

Here, the court ruled on several motions by the parties – (1) Defendants' Motion to Dismiss or for Summary Judgment, (2) Plaintiff's Motion for the Court to Compensate Plaintiff's Medical Expert, and (3) Plaintiff's Motion to Compel

Information Related to Defendants.

**B. Motion to Dismiss Standard**

When a defendant files a motion to dismiss pursuant to FED. R. CIV. P.

12(b)(6), this court must "accept all factual allegations as true, construe the

complaint in the light most favorable to the plaintiff, and determine whether, under

any reasonable reading of the complaint, the plaintiff may be entitled to relief."

McTernan v. City of York, 564 F.3d 636, 646 (3d Cir. 2009) (citing Phillips v. County

of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings

Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002)).

A plaintiff's complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme

Court has confirmed that although FED. R. CIV. P. 8(a)(2) does not require " 'detailed

factual allegations'," it does require plaintiff to plead sufficient facts to " 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]' "

Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley

v. Gibson, 355 U.S. 41, 47 (1957)). Neither mere "labels and conclusions" nor "a

formulaic recitation of the elements of a cause of action" are sufficient to withstand a

motion under FED. R. CIV. P. 12(b)(6). A valid pleading under "[Rule 8] requires a

'showing,' rather than a blanket assertion, of entitlement to relief." Phillips v. County

of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556

n.3). As a threshold matter, the plain statement of the facts forming the grounds of

the plaintiff's complaint must "possess enough heft to 'sho[w] that the pleader is entitled to relief.' " Id. (citing Twombly, 550 U.S. at 557) (alteration in original). In order to state a valid claim and survive a motion to dismiss, the "complaint's 'factual allegations must be enough to raise a right to relief above the speculative level.' " Phillips, 515 F.3d at 232 (quoting Twombly, 550 U.S. at 556 n.3).

In addition to the facts pled in the complaint, the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

## C.  Summary Judgment Standard

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**IV. DISCUSSION:**

**A. Report and Recommendation of January 30, 2009 (Doc. 165)**

**i. Motion for the Court to Compensate Plaintiff's Medical Expert**

Subsequent to Magistrate Judge Blewitt's prior order (Doc. 139) requiring

plaintiff to file a certificate of merit ("COM") pursuant to PA. R. CIV. P.1042.3,[3] Plaintiff

filed the present motion requesting that the court provide funds to cover the cost of a

medical expert. (Doc. 160). Plaintiff's motion, in its entirety, reads:

> NOW COMES, the Plaintiff to make move for this Honorable Court to release
> sufficient funds nessary (sic) for the imprisoned indegent (sic) Plaintiff to
> obtain a Medical Expert/Specialist and to cover related costs, secondary
> investigations, determinations of material facts and the presentation of those
> material facts to this Honorable Court for its adjudication of this cause.

(Doc. 160 at 1).

Magistrate Judge Blewitt found that the "Court has no authority to appoint a

medical expert for Hodge at this juncture of the case to assist plaintiff in proving, for

purposes of Defendants' dispositive Motion, his claim of professional medical

malpractice" on the part of the BOP medical staff. (R&R (Doc. 165) at 8). The

magistrate judge therefore found that plaintiff's should motion be denied. (Id.). The

substance of plaintiff's objections to this recommendation is that plaintiff is indigent

and proceeding in forma pauperis, that a medical expert is necessary to proceed

with his action – and to file the required COM – and therefore, the court should

appoint a medical expert. (See Doc. 166).

Magistrate Judge Blewitt agreed with defendants that "pro se inmates

---

[3] The COM requirement imposed by PA. R. CIV. P.1042.3 is substantive state law and applies equally to both pro se and represented plaintiffs. See, e.g., Iwanejko v. Cohen & Grigsby, P.C., 249 F. App'x 938, 944 (3d Cir. 2007) (holding that district courts must "appl[y] Rule 1042.3 as substantive state law"); Maruca v. Hynick, No. 3:06-CV-00689, 2007 WL 675038, at *3 (M.D. Pa. Feb. 27, 2007)("[T]he language of Rule 1042.3(a)-i.e., "or the plaintiff if not represented ... shall file ... a certificate of merit"-expressly requires that a pro se plaintiff must file a certificate of merit.").

proceeding in forma pauperis must pay for the expenses involved in their civil actions." (R&R (Doc. 165) at 6). It is well established that plaintiffs proceeding in forma pauperis – including pro se inmates such as Plaintiff Hodge – are responsible for their expert witness fees in civil actions. Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987) *cert. denied*, 485 U.S. 991 (1988) (finding no authority for court to pay for expert witnesses of *pro se* plaintiff proceeding in forma pauperis); see also, e.g., Williams v. Kort, No. Civ. A. 02-2320, 2004 U.S. Dist. LEXIS 52314, at *4 (M.D. Pa. July 19, 2007) (citing Boring and Tabron, *infra*, holding pro se plaintiff "bears sole responsibility for his failure to comply with the court's order to submit an expert report when he lacks the financial resources to pay an expert . . . Neither the court nor defendants are required to pay for a plaintiff's expert witness."); see Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) (citing Boring, finding no authority for court to pay for plaintiff's deposition transcripts); Wilkerson v. United States, No. Civ. A. 07-2228, 2009 U.S. Dist. LEXIS 33370, at *4 (M.D. Pa. Apr. 20, 2009) (citing Boring and Tabron, *supra*, denying motion for independent medical examination filed by pro se plaintiff proceeding in forma pauperis).

The Third Circuit recognized that such a rule may well cause a significant "dilemma" for an indigent pro se prisoner-plaintiff who cannot proceed in a civil action without an expert witness. An indigent person likely cannot afford to pay out of pocket. Boring, 833 F.2d at 474. However, this dilemma "does not differ from that of nonprisoner claimants who face similar problems" and the court noted that

"[n]onprisoners often resolve that difficulty through contingent fee retainers with provisions for arranging expert testimony." Id. The court viewed the indigent prisoner-plaintiffs request as effectively "asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages." Id. Plaintiff's objections make clear that he disagrees with this rule, suggesting that it makes just relief contingent "upon ones ability to afford a [sic] expert witness" and places "a econmic [sic] price on who receives justice in the Federal Court system." (Doc. 166 at 2,3). Nonetheless, Plaintiff's disagreements cannot change the Third Circuit's well-settled law on this issue.

Moreover, although Fed. R. Evid. 706(a) provides that the "court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection," the policy behind the rule is to promote the jury's factfinding ability." Brown v. James, No. Civ. A. 03-0631, 2008 U.S. Dist. LEXIS 17665, at *5 (M.D. Pa. Mar. 6, 2008) (citation omitted); see Whooten v. Bussanich, No. Civ. A. 04-223, 2007 U.S. Dist. LEXIS 6165, at *15 (M.D. Pa. Jan. 29, 2007); see also Ford v. Mercer County Corr. Ctr., 171 Fed. App'x 416, 420 (3d Cir. 2006). Importantly,"[a] trial judge does not abuse his discretion in declining to appoint an independent expert solely to benefit a party who has otherwise failed to gather such evidence as would suffice to overcome summary judgment." Brown, 2008 U.S. Dist. LEXIS 17665, at *5 (internal quotation omitted). When this precise issue was recently before Judge Caldwell in the Middle District of Pennsylvania, the court held that

"Rule 706 . . . allows only for the appointment of an expert to aid the Court, and not for the purpose of aiding an indigent litigant, incarcerated or not." Kerwin v. Varner, No. Civ. A. 03-2253, 2006 U.S. Dist. LEXIS 90691, at *7 (M.D. Pa. Dec. 15, 2006).

Given that the law clearly requires that indigent *pro se* prisoner-plaintiffs are required  pay the fees for their expert witnesses in civil actions and an expert witness is not presently required to assist in the jury or the judge's role as factfinder, plaintiff's objections on this matter will be overruled and the magistrate judge's recommendation adopted.

### ii.  Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment – Regarding Plaintiff's FTCA Action (Doc 111).

Defendants filed a motion to dismiss Plaintiff's FTCA action against Defendant United States on account of Plaintiff's failure to file a COM and his failure to show a reasonable explanation or legitimate excuse for that failure.  (Doc. 116 at 28-31). Magistrate Judge Blewitt recommended that (1) defendants' motion to dismiss be granted; (2) that the FTCA claim against Defendant United States be dismissed without prejudice; and (3) that Defendant United States be dismissed from the action because no claims remain against it.  (Report and Recommendation (Doc. 165) at 12).  Plaintiff objects, arguing (1) that the COM requirement "should not apply to a Federal tort action, [because] this cause of action occured [sic] within a Fedral [sic] enclave, all listed Pertys [sic] acted under the Federal policy, [and] Congress did not embody a COM requirement in its permision [sic] to seek tort remedy[,]" and (2) "the

COM is predominately based upon ones ability to afford a [sic] expert witness" and places an "econmic [sic] price on who recieves [sic] justice in the Federal Court system."  (Doc. 166 at 2,3).

The COM requirement, imposed by PA. R. CIV. P.1042.3, "applies to pro se and represented plaintiffs alike and constitutes a substantive rule of state law with which plaintiffs in federal court must comply."  Perez v. Griffin, No. Civ. A. 06-1468, 2008 U.S. Dist. LEXIS 45240, at *8 (M.D. Pa. June 9, 2008), *aff'd*, 304 Fed. App'x. 72, 74 (3d Cir. 2008).

> Rule 1042.3 provides that
>
> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
>> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

PA. R. CIV. P.1042.3(a).

Two equitable exceptions apply when the plaintiff has failed to timely and properly file a COM, (1) "whether the plaintiff has substantially complied with Rule

1042.3" and (2) "whether the plaintiff has offered a reasonable explanation or legitimate excuse for failure to comply." Ramos v. Quien, No. Civ. A. 08-2952, 2008 WL 4949896, at *7 (E.D. Nov. 18, 2008). Unless one of these equitable exceptions applies, failure to comply with PA. R. CIV. P.1042.3(a) or to file for an extension under PA. R. CIV. P.1042.3(d) – which Plaintiff Hodge failed to do – is fatal to the plaintiff's case. Perez, 2008 U.S. Dist. LEXIS at *9-10.

Magistrate Judge Blewitt found that neither consideration excuses the undisputed fact that plaintiff had not filed a certificate of merit. (R&R (Doc. 165) at 11). The magistrate judge reasoned that because the court had previously found that (1) a COM was required for plaintiff's FTCA action and plaintiff had ample notice of this requirement; (2) plaintiff's "attempted reliance on excerpts from [Dr. Melissa Palmer's Guide to Hepatitis and Liver Disease] cited in Plaintiff's previous filings" did not constitute a proper COM; and (3) "[t]here is no dispute that plaintiff failed to timely file a COM," plaintiff's FTCA claim should be dismissed without prejudice. (See Report and & Recommendation (Doc. 165) at 5, 8-9, 11-12). Plaintiff knew of the COM requirement, and knew his submission of Dr. Palmer's text did not satisfy the COM requirement. He has not subsequently furnished a proper COM and is not entitled to a court appointed expert witness to assist in this civil action. The court agrees that neither equitable exception to PA. R. CIV. P. 1042.3 applies. Therefore, this court will adopt the report and recommendation that plaintiff's FTCA action be dismissed without prejudice.

**B.  Report and Recommendation of March 6, 2009 (Doc. 167)**

   **i.  Plaintiff's Motion to Compel Information Related to Defendants (Doc.**

   **154)**

Plaintiff filed a motion to compel defendants' disclosure of information he

maintains was requested but has not been produced and is "material to this cause[.]"

(Doc. 154 at 2).  Plaintiff requests "the complete names of . . . 1.  MD Calvin

Vermiere.  2.  MD Kevin Pigos.  3.  MD James Brady.  4.  MD. A. Okunday.  5.  PA.

Robert Laino 6.  GI. MD. Sommers.  7.  PA. Inch."  (Id. at 1-2).  Plaintiff also requests

the "medical school/institution" that each attended, any "specialty degrees,

fellowships, or continued education," the institution where each completed his or her

residency program, "past/present, work/employment history," and "any

complaints/suits or any malpractice claims . . . settled in favor/against or otherwise."

(Doc. 154, Attach. 1 at 1-2).  Finally, plaintiff requests copies of any applicable

professional oaths or standards for medical professionals practicing in Pennsylvania.

(Id.)

Under FED. R. CIV. P. 37 a party who has received "evasive or incomplete

discovery responses to seek a court order compelling additional disclosure or

discovery," however, "[t]he party seeking the order to compel must demonstrate the

relevance of the information sought."  Paluch v. Dawson, No. Civ. A. 06-01751, 2007

U.S. Dist. LEXIS 91191, at *4 (M.D. Pa. Dec. 12, 2007).  Here, plaintiff has made no

showing whatsoever beyond the conclusory assertion that the information requested

is "material to this cause[.]" (Doc. 154 at 2).

As the magistrate judge found, the information requested regarding PA Inch and Dr. Sommers is not relevant because neither is a party to this action, no claims are asserted against either, and plaintiff did not previously request any information from Defendants about either of these two individuals. (R&R (Doc. 167) at 8).

With regard to the individual Defendants Vermiere, Pigos, Brady, Okundaye, and Laino, defendants' response to plaintiff's initial discovery request provided the full names of each defendant, their department, title, and whether they were "Licensed in the State of Pennsylvania." (Doc. 155, Attach. 1 at 4). Defendants also included the address of the state board to which Plaintiff could contact for further information regarding defendants' professional credentials. (Id.) Magistrate Judge Blewitt found that the information requested regarding the individual defendants, "namely, the names of Defendants' medical schools and their class ranks, the specialty degrees and continued education degrees Defendants received, the places where Defendants performed their residencies, the Pennsylvania employment history of each Defendant, and complaints or lawsuits filed against Defendants, is not relevant to his Bivens claims." (R&R (Doc. 167) at 9). Plaintiff does not explain the relevancy of this information to his remaining claims. The court will therefore adopt the report and recommendaiton on this point and deny the motion to compel.

**ii. Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. 111)**

16

### a. Plaintiff's Monetary Claims Against the Five Individual

### Defendants in Their Official Capacities

Plaintiff seeks relief against the individual defendants in their official capacities in the form of a "liability monetary award," a "punitive monetary award," and "injunctive relief." (Doc. 51 at 14).The magistrate judge "recommend[ed] that to the extent Plaintiff sues Defendants in their official capacities for monetary damages, this claim for relief be dismissed." (R&R (Doc. 176) at 11). However, Magistrate Judge Blewitt recommended plaintiff be allowed to proceed on his claim for injunctive relief against these defendants in their official capacities because plaintiff alleges he faces an "immediate threat" of further harm from the same type of conduct challenged in the complaint. (Id. at 13).

The court agrees with the magistrate judge that to the extent that plaintiff seeks "monetary damages against the United States or any individual defendants in their official capacities, the claims are barred by the doctrine of sovereign immunity." Sash v. Hogsten, No. Civ. A. 07-0475, 2008 U.S. Dist. LEXIS 17022, at *8 n.5 (M.D. Pa. Mar. 5, 2008) (citing Breyer v. Meissner, 23 F. Supp. 2d 540, 544 (E.D. Pa 1998)); see also Bell v. Rossotti, 227 F. Supp. 2d 315, 320 (M.D. Pa. 2002). Moreover, the Supreme Court has held that a Bivens action may not be brought against a federal agency, such as the BOP. FDIC v. Meyer, 510 U.S. 471, 484 (1994)). The court will therefore adopt the report and recommendation and dismiss the plaintiff's claims for monetary relief against the individual defendants acting in

17

their official capacities.

### b. Injunctive Relief

The magistrate judge found that plaintiff's claims for injunctive relief, brought presumably against the individual defendants in their official capacities, should continue.  Plaintiff did not specify whether he brought the action against Defendants in their official capacity, individual capacity, or both.  The court assumes both.  See Abuhoran v. Morrison, No. Civ. A. 03-3091, 2005 WL 2140537, at *1 n.3 (E.D. Pa. Sept. 1, 2005) (quoting Miller v. Smith, 220 F.3d 491, 494 (7th Cir. 2000) ("Where the plaintiff seeks injunctive relief from official policies or customs, the defendant has been sued in her official capacity; where the plaintiff alleges tortuous conduct of an individual acting under color of state law, the defendant has been sued in her individual capacity.")).  A plaintiff may seek injunctive relief against individual defendants acting in their official capacities.  See, e.g., Miller v. Smith, 220 F.3d 491, 494 (7th Cir. 2000) (finding that "[w]here the plaintiff seeks injunctive relief from official policies or customs, the defendant has been sued in her official capacity.").  Of course, "the real party in interest in an official-capacity suit is the entity represented and not the individual officer."  Karcher v. May, 484 U.S. 72, 78 (1987).  The question here is thus whether plaintiff can maintain his claim for injunctive relief against the institution that the individual defendants represent.

Plaintiff is no longer an inmate at the institution where he alleges medical treatment was inadequate.  The magistrate judge addressed the question of whether

18

his transfer to a new institution made plaintiff's claims for injunctive relief moot. The

magistrate judge found that the claims for injunctive relief were not moot because

plaintiff had demonstrated a reasonable likelihood that the treatment of which he

complained would continue at the new facility. The magistrate judge appears to

indicate that plaintiff's official capacity suit against the individual defendants should

continue because there is a possibility that plaintiff could obtain injunctive relief

against the Bureau of Prisons proscribing particular treatment for his liver condition

and hepatitis-c.

For an action to be dismissed on mootness grounds, a defendant must show

that "there is no reasonable expectation that the wrong will be repeated." Sutton v.

Rasheed, 323 F.3d 236, 248 (3d Cir. 2003) (citation omitted). Because Plaintiff

Hodge is no longer incarcerated at FCI-Allenwood, to state and survive on a claim

for injunctive relief, he must allege and demonstrate that there exists a "real and

immediate danger that he would again be [the victim of the alleged unconstitutional

practice]." Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987) (alterations in original)

(citing City of Los Angeles v. Lyons, 461 U.S. 95, at 105 (1983)).

Plaintiff Hodge's brief in opposition to dismissal or summary judgment asserts:

In the case at bar, Plaintiff is still suffering inadequate medical treatment, is
being denied rhe [sic] the medical standard of treatment for state IV liver
cirrhosis, is being denied issue of a liver friendly diet, is being denied informed
consent participation in anti-viral clinical trials, is being denied an evaluation of
organ transplantation candidacy, is left to suffer untreated gall stone, body,
head, and other pains, uncontrollable itching, psychological depression, and
altered mental states, secondary to his condition, inwhich [sic] could and

19

should be better managed by use of the community standards of medical care. (Doc. 141 at 4).

Plaintiff claims that he is still subject to BOP medical treatment he considers deficient and which was the essential foundation of his complaint. (Id.). The challenged conditions are not geographically or physically confined to FCI-Allenwood. At the same time, however, any relief that plaintiff could obtain would not be achieved at FCI-Allenwood or in this district, and plaintiff's complaints are in fact fine-grained and related to the particular medical treatment he receives at the institution that houses him. An order from this court would necessarily be aimed at the institution where plaintiff is now housed and at the administrators of that institution. Any discovery taken to establish the inadequacies of plaintiff's treatment would have to occur in another state and another judicial district. In that sense, while plaintiff may be subjected to some form of deficient medical treatment in his current housing, he is not likely to be subject to the same particular deficiencies he faced at FCI-Allenwood. In any case, plaintiff can bring claims against his new institution if his treatment is deficient in some way. Moreover, as explained below, the court finds that plaintiff has not to this point suffered any unconstitutional treatment from the medical care received. Because there was no unconstitutional treatment in the first place, plaintiff cannot be subject to a "real and immediate danger" of additional unconstitutional treatment. Brown, 819 F.2d at 400. The court therefore finds that plaintiff's claim for injunctive relief is indeed moot in this instance,

and will not adopt the report and recommendation on this point. Instead, the court will dismiss the plaintiff's claims for injunctive relief.

### c. Plaintiff's Claims Against Defendant Laino

The magistrate judge recommended that the court grant summary judgment in favor of Defendant Laino because the undisputed factual record demonstrates that he was not sufficiently involved in plaintiff's treatment to support a civil rights claims against him. (R&R (Doc. 167) at 13,16). Plaintiff objects to the magistrate judge's recommendation and asserts that "the facts remain that PA [Laino] is lieing [sic] about his involvement that the Defendants failed to treat the [Plaintiff.]" (Doc. 169 at 1).

In his brief opposing summary judgment, Plaintiff Hodge asserts that

> [i]n the [instant] cause [Defendant] Laino had direct involvement with the plaintiffs [sic] medical care . . . and did instruct his surrogates to cut any cost of any evaluations or follow up [] consultations that could be made to appear as an unnecessary event, [these secondary] acts [committed]/omitted [pursuant] to directions of an internal mandate from his [superiors] are acts of personal [involvement] in a complex conspiracy, further the [Defendant] Laino [received], responded and ignored multiple verbal and written request from the plaintiff [regarding] the level and choices made by his medical staff concerning the level and type of medical care provided under his watch, concerning the deliberate [indifference to] the standard medical practices.

(Doc. 141 at 5).

With regard to claims of individual liability in a civil rights action – like the Bivens claims presently before the court – the Court of Appeals for the Third Circuit has stated that

> [a] defendant in a civil rights action must have personal involvement in the

21

alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998); see also Padilla v. Beard, No. Civ. A. 06-0478, 2006 U.S. Dist. LEXIS 32120, at *1-2 (M.D. Pa. May 18, 2006) (dismissing civil rights claim against Sec'y of Pa. Dept. of Corrs. for failure to allege any direct involvement); Smith v. County of Bucks, No. Civ. A. 03-6248, 2004 U.S. Dist. LEXIS 7199, at *14 (E.D. Pa. Apr. 21, 2004) (citing Rode, *supra*, for the proposition that "supervisory officials cannot he held individually liable for constitutional violations in which they had no personal involvement.").

Defendants' Statement of Material Facts in support of their motion for summary judgment states that Defendant Laino (1) "did not render any treatment to Hodge during his incarceration at FCI-Allenwood"; (2) "had no involvement in the decisions surrounding Hodge's medical care or treatment"; and (3) "does not ordinarily evaluate or treat inmates." (Doc. 117 at ¶¶ 106-09). Rather, as the health services administrator, Defendant Laino "is responsible for the overall functioning of the Health Services Department and oversees and supervises the health services staff." (Id. at ¶ 109).

Plaintiff maintains that Defendant Laino is lying about his involvement in Plaintiff's care, (Doc. 169 at 1), but has not put forth any facts in addition to the general assertions of direct involvement on the part of Defendant Laino contained in

22

Plaintiff's brief opposing summary judgment. (Doc. 141 at 5, 8). To survive

defendants' motion for summary judgment, plaintiff "must do more than just rest

upon mere allegations, general denials, or vague statements." <u>Saldana v. Kmart

Corp.</u>, 260 F.3d 228, 232 (3d Cir. 2001). Summary judgment "'shall be entered'

against a nonmoving party unless affidavits or other evidence 'set forth specific facts

showing that there is a genuine issue for trial.'" <u>Id.</u> (quoting FED. R. CIV. P. 56(e)).

The court agrees with the magistrate judge's finding that plaintiff has rested upon

mere allegations and general assertions of Defendant Laino's direct involvement in

Plaintiff's medical treatment. As such, the court will adopt the report and

recommendation on this point and grant Defendant Laino summary judgment on

plaintiff's claims against him.

### d. Plaintiff's Section 1983 Conspiracy Claim

Magistrate Judge Blewitt agreed with defendants that plaintiff "fail[ed] to

[allege] what the Defendants conspired to do, or what actions they took in

furtherance of the alleged conspiracy," and therefore recommended that Plaintiff's

Section 1983 conspiracy claim be dismissed. (R&R (Doc. 167) at 18). Plaintiff filed

objections to Magistrate Judge Blewitt's Report and Recommendation, but those

objections do not appear in any way to address the magistrate judge's conclusion

that Plaintiff failed to allege facts sufficient to state a Section 1983 conspiracy claim.

Moreover, no additional, particular facts purporting to support such a claim are

included in Plaintiff's objection. <u>See</u> (Doc. 169 at 1-2).

When a plaintiff asserts a claim under Section 1983,

> [s]tringent pleading requirements . . . apply to allegations of conspiracy. The plaintiff's allegations must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each defendant allegedly played in carrying out those objectives. Bare conclusory allegations of "conspiracy or "concerted action" will not suffice to allege a conspiracy. The plaintiff must expressly allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred . . . A complaint cannot survive a motion to dismiss if it contains only conclusory allegations of conspiracy, but does not support those allegations with averments of the underlying material facts.

Flanagan v. Shively, 783 F. Supp. 922, 928-29 (M.D. Pa. 1992), *aff'd.*, 980 F.2d 722 (3d Cir. 1992), *cert. denied*, 510 U.S. 829 (1993).

In his Second Amended Complaint, plaintiff alleges that defendants implemented procedures "that give an appearance of care an effectiveness in a conspiratorial way" so as to deny adequate medical care to prisoners with severe liver disease. (Doc. 51 at 9). Plaintiff also asserts that defendants' acts – providing medical care plaintiff believes was inadequate – "constitute a conspiracy under the color of law." (Id. at 2). Plaintiff's complaint contains the very type of "bare conclusory allegations" that Flanagan found "do not suffice to allege a conspiracy" under Section 1983. See Flanagan, 783 F. Supp. at 928-29. Although plaintiff alleges a broad conspiracy with the purported goal of denying him adequate medical care, he does not aver facts sufficient to establish an agreement between the individual defendants to deprive plaintiff of his rights or from which such an agreement could reasonably be inferred. As such, the court will adopt the report and recommendation on this point and dismiss plaintiff's Section 1983 conspiracy claim.

24

### e. Plaintiff's Equal Protection Claim

Magistrate Judge Blewitt found that plaintiff (1) did not "allege facts from which it can be concluded that he is a member of a protected class"; (2) "has not alleged that Defendants engaged in intentional or purposeful discrimination"; and (3) "[i]n short . . . does not allege that others similarly situated, but who were not within a protected class, were given proper medical tests and evaluations to determine the proper course of treatment for their medical conditions." (R&R (Doc. 167) at 20). Again, plaintiff's objections do not actually address these findings regarding his equal protection claim, nor does plaintiff proffer any additional facts to address the shortcomings noted by the magistrate judge. See (Doc. 169 at 1-2).

The Fourteenth Amendment establishes that "no State shall 'deny to any person within its jurisdiction the equal protection of the laws.'" Shuman v. Penn Manor School Dist., 422 F.3d 141, 151 (3d Cir. 2005) (quoting U.S. Const. Amend. XIV, § 1). This section "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). A party seeking to prevail on a Section 1983 equal protection claim "must prove the existence of purposeful discrimination." Andrews v. Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990). "To bring a successful claim under 42 U.S.C. § 1983 for denial of equal protection, plaintiffs must prove the existence of purposeful discrimination." Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990). Further, the plaintiff must prove he "'received different treatment from that received

by other individuals similarly situated.'" Id. (quoting Kuhar v. Greensburg-Salem School Dist., 616 F.2d 676, 677 n.1 (3d Cir. 1980)).

Plaintiff's Second Amended Complaint does not disclose or reference plaintiff's racial background or other characteristic identifying him as a member of a protected class for the purposes of his equal protection claim. See generally (Doc. 51). Plaintiff categorizes himself as a prisoner and part of a "high risk group" for infectious diseases (Id. at 6). The court concurs with Magistrate Judge Blewitt's finding that plaintiff failed to state an equal protection claim based on racial discrimination or membership in any other protected class. (R&R (Doc. 167) at 20, 21).

Plaintiff could also make out an equal protection claim based on a "class-of-one" theory. Under that doctrine, a plaintiff may obtain relief for equal protection violations "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). The Third Circuit has held that a plaintiff asserting a "class of one" claim "must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006). The court further agrees with the magistrate judge that plaintiff has not alleged facts sufficient to support the conclusion that he himself was singled out and treated

differently from fellow prisoners also suffering serious medical conditions.  As such, the court will adopt the report and  recommendation and dismiss the equal protection claim.

### f.  Plaintiff's Eighth Amendment Claim of Deliberate Indifference and Denial of Proper Medical Care for Plaintiff's Liver Conditions

Magistrate Judge Blewitt recommends that summary judgment be granted to the individual defendants on plaintiff's claim that they were deliberately indifferent to his serious medical needs.  See (R&R (Doc. 167) at 31).  Plaintiff asserts that defendants should have permitted him to participate in clinical trials for anti-viral medications, placed him on a liver-friendly diet, and evaluated him for possible liver transplant surgery.  (See Doc. 169 at 1-2).

The court will first address the magistrate judge's assessment of the facts underlying defendants' summary judgment motion.  Defendants filed a Concise Statement of Material Facts (Doc. 117) in support of their Motion to Dismiss, and in the Alternative, for Summary Judgment (Doc. 111).  In the United States District Court for the Middle District of Pennsylvania, Local Rule of Court 56.1 (hereinafter "L. R. 56.1") requires a concise statements of material facts in support of a motion for summary judgment.  L. R. 56.1.  The moving party must supplement a motion for summary judgment with a "short, concise statement of material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried."  Id.  Of particular concern in the instant action,

> [t]he papers opposing a motion for summary judgment must include a separate, short and concise statement of the material facts, responding to the numbered paragraphs [comprising the moving party's statement of material fact], as to which it is contended that there exists a genuine issue to be tried . . . All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

Id.; see, e.g., Thomas v. U.S., 558 F. Supp. 2d 533, 558 (M.D. Pa. 2008) (applying LR 56.1 to defendant's motion for summary judgment against *pro se* plaintiff).

Plaintiff received a copy and explanation of the Local Rules pursuant to the court's standing practice order for actions by *pro se* plaintiffs. See (Doc. 72 at 3, 8-9). Examinations of both plaintiff's Answer to Defendants' Statement of Facts, ( Doc. 135), and the exhibits plaintiff filed separately (Doc. 136), reveal that neither filing constitutes the paragraph-by-paragraph response to the moving party's statement of material facts that LR 56.1 plainly requires and of which Plaintiff Hodge had ample notice. As such, the court will adopt the magistrate judge's recommendation that ¶¶ 1-109 of Defendant's Statement of Material Facts (Doc. 117) should be deemed admitted under L. R. 56.1 and his reliance on those facts for the purpose of assessing Defendants' motion for summary judgement.

Moving to the substance of plaintiff's claim, deliberate indifference by prison officials to the serious medical needs of an inmate constitutes a violation of the inmate's rights under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Singletary v. Pa. Dep't of Corrs., 266 F.3d 186, 192 n.2 (3d Cir. 2001). To maintain a claim for deliberate indifference, the plaintiff must establish both an objective and a subjective element. Chance v. Armstrong, 143 F.3d 698, 702 (3d

Cir. 1998).

First, in cases based on alleged deprivation of medical care, the medical need and the alleged deprivation of care "must be objectively, sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quotation and citations omitted); see Chance, 143 F.3d at 702; Hathaway v. Coughlin, 37 F.3d 63, 67 (2d Cir. 1994)). The "concept of a serious medical need . . . has two components, one relating to the consequences of a failure to treat and one relating to the obviousness of those consequences." Colburn v. Upper Darby Twp., 946 F.2d 1017, 1023 (3d Cir. 1991). A prisoner's medical condition must "be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death" and one that either "has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Id. (quotation and citation omitted).

Second, the plaintiff must demonstrate that the defendant acted with "a sufficiently culpable state of mind," meaning that a prison official does not act with deliberate indifference "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. The Supreme Court has stated that "deliberate indifference describes a state of mind more blameworthy than negligence," but that the deliberate indifference standard is "satisfied by something

29

less than acts or omissions for the very purpose of causing harm or with knowledge

that harm will result." Id. at 835.

It is a "well-established rule that mere disagreements over medical judgment"

are insufficient to state claims for violations of a prisoner-plaintiff's Eighth

Amendment rights. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). The Court

of Appeals for the Third Circuit has clarified this general rule, stating that

> "[o]nly 'unnecessary and wanton infliction of pain' or 'deliberate indifference to
> the serious medical needs' of prisoners are sufficiently egregious to rise to the
> level of a constitutional violation." Allegations of medical malpractice are not
> sufficient to establish a Constitutional violation. "Mere disagreement as to the
> proper medical treatment" is also insufficient.

Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (internal citations omitted); see
Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 346
(3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

While the detailed factual record supports the conclusion that plaintiff's

medical needs were indeed serious and defendants were aware of those needs, the

record does not reasonably support a conclusion that defendants were deliberately

indifferent to plaintiff's serious medical needs. (See R&R (Doc. 167) at 25-29)

(recounting plaintiff's diagnosis with and treatment for Hepatitis C and stage IV

cirrhosis while at FCI-Allenwood); see also (Doc. 117 at ¶¶ 1-109) (statement of

material facts addressing the medical care provided to plaintiff while at FCI-

Allenwood). Rather, plaintiff's Second Amended Complaint is a challenge to the

quality of the medical care provided by defendants, which does not rise to the level

sufficient to constitute deliberate indifference in violation of Plaintiff's Eighth

Amendment rights.  (See Doc. 51).  Given that defendants are entitled to a favorable judgment as a matter of law  under the facts provided by defendants–and deemed admitted by Plaintiff per LR 56.1–the court will overrule plaintiff's objections and adopt the report and recommendation on this point.  Summary judgment will be granted the individual defendants on plaintiff's deliberate indifference claim.

## V.  CONCLUSION

For the reasons discussed above, the reports and recommendations will be adopted in part.  Plaintiff's Objections (Docs. 166, 169) will be overruled.  Plaintiff's Motion to Compel Information Related to Defendants and plaintiff's Motion for the Court to Compensate Plaintiff's Medical Expert will be denied.  Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment will be granted.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL EUGENE HODGE,
                **Plaintiff**         :       **No. 3:06cv1622**

                              :

        **v.**                         :

                              :

UNITED STATES OF AMERICA,     :       **(Judge Munley)**
A. OKUNDAY, KEVIN PIGOS,       :
DR. J. BRADY, Administrator       :
RONALD LAINO, and M.D. CALVIN   :
VERMEIRE,                          :
             **Defendants**       :

## ORDER

**AND NOW**, to wit, this 26th day of August 2009, Magistrate Judge Thomas M. Blewitt's Reports and Recommendations (Docs. 165, 167) are hereby **ADOPTED** in part and **NOT ADOPTED** in part, as follows:

     1.  Plaintiff's Motions to Compel Information Related to Defendants (Doc. 154) is hereby **DENIED**;

     2.  Plaintiff's Motion for the Court to Compensate Plaintiff's Medical Expert (Doc. 160) is hereby **DENIED**;

     3.  Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgement (Doc. 111) is hereby **GRANTED**, as follows:

         a.  The motion is granted with respect to plaintiff's claims brought pursuant to the Federal Tort Claims Act, , without prejudice to plaintiff

32

bringing a new claim with a valid Certificate of Merit Pursuant to Pa.

Rule 1042.3;

b. The motion is granted with respect to plaintiff's claims for injunctive

relief, as those claims are moot; and

c. The motion is granted with prejudice in all other respects.

Plaintiff's objections (Docs. 166, 169) are hereby **OVERRULED**. The Clerk of Court

is directed to **CLOSE** the case.


**BY THE COURT**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**